solely in the interest of the owners of the vessel, that part of the proceeds of the vessel was applied to the payment of these debts, and it was for them, if they intended ever to contend that those debts should be charged with salvage, to see to it that such charge was made before payment. By consenting to the payment of these demands without deduction for salvage, the owners must be deemed to have admitted that such demands were not to be chargeable with any portion of the salvage, and having by the payment in full procured themselves to be relieved from personal liability to the holders of those demands, they cannot be permitted now to say as against the salvors that those demands were subject to a deduction for salvage which not having been made at the time must now be made from the salvors' reward.

As far as I can gather from the evidence, the master did actually pay $50 in money to persons engaged in pumping the vessel after her arrival in New York, partly at least before the marshal took charge. This $50 may be repaid him out of the fund as part of the expenses of preserving the property. He is not entitled to costs.

There seems also to be another bill of $70 due John C. Baxter & Co., which may be paid to them upon their making proof of the demand and that it is not paid. The remainder of the fund, less the fees of officers of court, must be distributed to the libellants in the first entitled action.

---

Mr. Smith, for plaintiff, contra,

THE COURT (nem. con.) directed the non-pros to be entered.

---

## Case No. 4,224.

DYER et al. v. NATIONAL STEAM NAV. CO.

[3 Ben. 173.][1]

District Court, E. D. New York. March, 1869.[2]

## Case No. 4,223.

DYER v. COYLE.

[2 Cranch, C. C. 684.][1]

Circuit Court, District of Columbia. May Term, 1826.

Mr. Wallach, for defendant,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed and modified in Case No. 4,225.]